### STATE v. GRAHAM THOMAS NARRON.

(Filed 10 October 1962.)

**Automobiles § 59—**

> The State's evidence tending to show that defendant operated his vehicle at nighttime without lights and collided on defendant's left side of the highway with a vehicle coming from the opposite direction, although controverted by defendant's evidence, *is held* sufficient to be submitted to the jury in a prosecution of defendant for the felonious slaying of a passenger in the other car fatally injured in the collision, the conflicting contentions being fairly submitted to the jury in the charge of the court.

APPEAL by defendant from *Paul, J.*, February 1962 Term of NASH.

The defendant was charged with the felonious slaying of Judy Anne Bryant. The evidence, taken in the light most favorable to the State, is sufficient to establish the following facts:

About 9:30 P.M., on September 20, 1961, a dark foggy night, the defendant, without turning on the lights, backed his 1953 Ford from a private drive into rural paved road No. 1150. After entering the highway he headed north and "wound it out." According to a passenger in the Narron automobile, that means putting the car into low gear, mashing down on the accelerator, and starting off fast. After driving down the highway from seventy-five to one hundred feet without lights, and having attained a speed of from twenty-five to thirty miles per hour, he collided with a 1938 Ford automobile going south in which the deceased, Judy Anne Bryant, was a passenger. The Bryant car was being driven with lights, on its side of the road, at about fifty miles per hour. Judy Anne Bryant was rendered unconscious in the collision and died a short time thereafter without having regained consciousness. The highway patrolman who investigated the accident found debris of glass and dirt three feet across the center line of the

Bryant side of the road. From this debris a streak in the pavement, cut by metal, went to the Bryant vehicle which was on the east side of the road with its back end in the ditch. The Narron vehicle, with the rear slightly on the shoulder, was on the west side of the highway. Both cars were damaged on the right front and right side. The road was eighteen feet wide with a faded center line. At the point of the impact the defendant's car was entering a curve to his right and the Bryant car was leaving the curve.

The jury returned a verdict of involuntary manslaughter. From the sentence imposed the defendant appealed.

*Attorney General Bruton, Assistant Attorney General Bullock, for the State.*

*T. A. Burgess and Hill Yarborough, for defendant appellant.*

PER CURIAM. It is not seriously controverted that the death of Judy Anne Bryant was caused by the collision. The evidence was sufficient to justify a finding that the collision was proximately caused by defendant's operation of his motor vehicle at night without lights and on the wrong side of the road at from twenty-five to thirty miles per hour. Such conduct violated statutes enacted for the safety of the traveling public and was incompatible with a proper regard for human life. The defendant's motion for nonsuit was properly overruled. His contentions, arising from his evidence that his lights were on and that he was traveling on his right side of the road, were fairly submitted to the jury in a charge in which we can find no prejudicial error. Defendant's assignments are overruled.

No error.